IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DR. ENRICO NICOLO**, an individual resident of Allegheny County, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | 2:13cv706 |
| ) | **Electronic Filing** |
| **PATTERSON BELKNAP WEBB & TYLER, LLP**, a Limited Partnership of New York; **ETHICON ENDO-SURGERY, INC.**, a corporation of Ohio; and **KEVIN N. MALEK**, an individual resident of New York, ) ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

AND NOW, this 19th day of March, 2015, upon due consideration of plaintiff's motion to quash subpoena of plaintiff's counsel and the parties' submissions in conjunction therewith, IT IS ORDERED that [48] the motion be, and the same hereby is, granted in part and denied in part. The motion is granted to the extent it seeks to preclude inquiry into conversations plaintiff's counsel had with Kevin Malek prior to the commencement of this action regarding the events giving rise to the lawsuit and/or any potential for a pre-suit compromise. The motion likewise is granted to the extent defendants seek to question plaintiff's counsel in his capacity as a direct competitor of plaintiff and/or about being or becoming a direct competitor of plaintiff (and the authorizations for or sources of the information used in becoming such a competitor). The motion is denied in all other aspects; and

IT FURTHER IS ORDERED that plaintiff's counsel shall comply with and submit to deposition with regard to all other areas of inquiry in the subpoena duces tecum served on March 31, 2014, at a date and time mutually agreeable to counsel within the extension of discovery authorized in conjunction with plaintiff's motion to extend.

Defendants already possess Malek's version of the pre-suit conversation between plaintiff's counsel and Malek. Plaintiff's counsel has not asserted that he is willing to become a fact witness to counter Malek's account. Thus, defendants have all the information they need in order to seek to use such information in defense.

In contrast, any inquiry into plaintiff's counsel's version of the conversation improperly intrudes into plaintiff's counsel's mental impressions and evaluations of plaintiff's claims and seeks to elicit information about a conversation which admittedly was undertaken in an effort to reach a compromise prior to filing a claim. Inquiries into such areas are improper or otherwise not calculated to lead to the discovery of admissible evidence. See In re Cendant Corp. Sec. Litig., 343 F.3d 658, 663 (3d Cir. 2003) ("mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation [are] generally afforded near absolute protection from discovery.") (quoting In re Ford Motor Co., 110 F.3d 954, 962 n. 7 (3d Cir.1997)); New York v. Solvent Chemical Co., Inc., 214 F.R.D. 106, 111-12 (W.D. N.Y. 2003) (inquiry into settlement information denied where stringent standards for deposing opposing counsel were not satisfied); Affiliated Manufacturers, In. v. Aluminum Company of America, 56 F.3d 521, 527-28 (3d Cir. 1985) (pre-suit statements or negotiations made where there is at least an apparent difference of opinion or view between the parties about a potential claim or dispute are inadmissible under Rule 408); ECEM European Chemical Marketing B.V. v. Purolite Co., 451 Fed. Appx. 73, 77 (3d Cir. 2011) (same).

Inquiry as to plaintiff's counsel's obtaining a patent that assertedly makes counsel a competitor of plaintiff is aimed at eliciting information that can only improperly intrude on the attorney-client privilege. The patent and related submissions to the Patent Office are a matter of public record. Plaintiff denied having knowledge that counsel has his own patent and thus by implication has denied disclosing any information to plaintiff's counsel in order for him to obtain

2

the patent.  Any inquiry seeking to test the veracity of that denial through examination of plaintiff's counsel seeks to explore the information (or lack thereof) exchanged between plaintiff and his counsel in obtaining advise about the scope of plaintiff's patents, plaintiff's claims in this lawsuit and/or an understanding of the scope of plaintiff's rights regarding information that can be protected as a trade secret.

Whether any information allegedly gained by Malek was a protectable trade secret under the Uniform Act, and, if so, whether harm to plaintiff occurred by the purported disclosure of such information to Malek are relevant areas of inquiry.  The areas of authorized inquiry seek underlying facts from plaintiff's counsel that are calculated to lead to the discovery of evidence within these areas.

<u>s/David Stewart Cercone</u>
David Stewart Cercone
United States District Judge

cc: Blynn L. Shideler, II, Esquire
Gregory J. Norton, Esquire
James R. Schadel, Esquire
C. James Zeszutek, Esquire
Harold P. Weinberger, Esquire
Nicole Foley, Esquire
David A. Strassburger, Esquire

(*Via CM/ECF Electronic Mail*)